IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUSTAVO UTRERA VIVEROS
and CHRISTIAN KLING, on behalf of
themselves and others similarly situated,                     ORDER

                                                                                                  12-cv-129-bbc

                Plaintiffs,

   v.

VPP GROUP, LLC, FREDERICK R. STEWART,
CORPORATE DEVELOPMENT, INC., ABC INSURANCE
COMPANY and DEF INSURANCE COMPANY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an order dated October 5, 2012, I conditionally certified this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act. I directed plaintiffs to file a proposed notice for the class and gave defendants an opportunity to object to any language. In response, the parties have filed a joint proposed notice. Dkt. #90.

       A review of the notice reveals that it is modeled closely after the one used by the plaintiffs in Witteman v. Wisconsin Bell, Inc., No. 09-cv-440-bbc, so I believe the notice is adequate for the most part. However, counsel for plaintiffs will need to make a few changes before sending the notices out to the class members.

       First, the notice includes the same sentence that I found to be a problem in

<u>Wittmeman</u> because it uses the ambiguous phrase "take any action." Accordingly, plaintiffs should replace the sentence, "If you do not wish to join this action, you are free to take any action on your own" with "If you do not wish to join this lawsuit, you are free to retain your own counsel independently and file your own individual lawsuit."

Second, under the heading "State of Limitations" plaintiffs should replace the following paragraph:

> The FLSA has a maximum statute of limitations of three years. If you choose to join this action, or choose to bring your own action, you may be able to recover damages if you were improperly denied overtime compensation and/or minimum wage compensation only during weeks worked within three years of the date you file your Plaintiff Consent Form. If you choose not to join in this action or file your own action, some or all of your potential claims may be barred by the applicable statute of limitations.

I have attempted to clarify what the statute of limitations is and its relationship to an employee's decision whether to join the lawsuit. The amended paragraph should state:

> The FLSA has a maximum statute of limitations of three years, which means a person must bring a claim within three years of the date that he or she was not paid properly. If you choose to join this lawsuit, or choose to bring your own lawsuit, you may be able to recover damages if you were improperly denied overtime compensation or minimum wage compensation or both during weeks worked within three years of the date you file your Plaintiff Consent Form or your own lawsuit. If you choose not to join this lawsuit, the statute of limitations on any claim you may have will continue to run until you file your own lawsuit, which means that some or all of your potential claims may be barred as untimely.

Third, plaintiffs should replace the abbreviation "PPE" with the phrase "personal protective equipment."

Finally, plaintiffs' proposed consent form has the potential to be confusing:

> I hereby consent to make a claim against Corporate

> Development, Inc./VPP Group, LLC for overtime and/or minimum wage pay. Since February 24, 2009, there were times that I worked over 40 hours per week [as] a production worker in the Norwalk, Wisconsin meat processing plant in the Boning Department in the morning and in the Kill Department in the afternoon and did not receive overtime compensation and/or the minimum wage.

This language may be confusing for two reasons. First, it suggests that an employee is not entitled to a minimum wage unless he or she worked more than 40 hours a week. Second, and more important, it suggests that potential class members must determine the merits of their claims before joining the lawsuit. The question whether employees did not receive pay to which they were entitled is *the* question in this case, so employees should not have to sign a statement to the effect that they have winning claims simply to join the suit. Rather, the only determination employees should have to make is whether they fall within the class definition. Because neither plaintiffs nor defendants sought to include language in the class definition about the number of hours worked or the rate of pay, it should not be included in the consent form either.

Accordingly, plaintiffs should amend the paragraph as follows:

> I hereby consent to join this lawsuit against Corporate Development, Inc. and VPP Group, LLC for overtime or minimum wage pay or both. Since February 24, 2009, I have worked as a production worker in the Norwalk, Wisconsin meat processing plant in the Boning Department in the morning and in the Kill Department in the afternoon.

Neither side proposes a notice period, so I will set that for 60 days, which is the amount of time I have granted in most of the other recent cases brought under § 216(b).

ORDER

IT IS ORDERED that plaintiffs Gustavo Utrera Viveros and Christian Kling are authorized to send notice to the individuals that fall within the class definition after making the changes identified in this order. Plaintiffs should file and serve the corrected notice no later than October 26, 2012.

Entered this 19th day of October, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge