IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUSTAVO UTRERA VIVEROS
and CHRISTIAN KLING, on behalf of
themselves and others similarly situated,        OPINION AND ORDER

                                                 12-cv-129-bbc
            Plaintiffs,

        v.

VPP GROUP, LLC and CORPORATE DEVELOPMENT, INC.,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Gustavo Utrera Viveros and Christian Kling filed this lawsuit under the Fair Labor Standards Act and state law to recover overtime pay for their work at a meat processing plant owned and operated by defendants VPP Group, LLC and Corporate Development, Inc. Plaintiffs contend that defendants have violated their rights under both federal and state law by paying employees for 11 hours of work each day (6 a.m. to 6 p.m., with two 30-minute unpaid breaks) even though employees actually are working longer hours.

In an order dated July 15, 2013, I denied plaintiffs' motion for class certification with

1

respect to their state claims and granted defendants' motion to decertify the collective action with respect to plaintiffs' federal claims because plaintiffs had failed to show that the claims could be resolved on a class wide basis.  In addition, I noted concerns about the ability of plaintiffs' counsel to represent the class. Dkt. #198.

In response, plaintiffs have filed a motion for leave to file an amended complaint, dkt. #200, renewed motions for certification of their state and federal law claims, dkt. ## 203 and 204, and a motion to "strike" defendants' opposition brief to plaintiffs' motion for leave to amend on the ground that it is untimely.  In their motion for leave to file an amended complaint, plaintiffs seek to add claims about work they are required to perform during breaks and to add Nestor Vazquez as a named plaintiff. In their renewed motions for certification, plaintiffs ask for the first time to divide the class into three subclasses: (1) employees who performed work before the 6:00 a.m. start time; (2) employees who performed work during their unpaid breaks; and (3) employees who performed work after the 6:00 p.m. stop time, between February 24, 2010 and February 24, 2012.

I am granting plaintiffs' motion for leave to amend.  Although I agree with defendants that the motion is untimely, defendants' objection is untimely as well.  Plaintiffs raised the issue about working during breaks in their original motion for certification and both sides treated the issue as a separate claim in the case.  By declining to object then, fully briefing the issue and raising their own arguments about differences among the employees with

2

respect to breaks, defendants cannot argue successfully now that they will be unfairly prejudiced if plaintiffs add this claim to their complaint. Fed. R. Civ. P. 15(b) ("A party may move . . . at any time . . . to amend the pleadings to conform them to the evidence."). Defendants do not raise an objection to adding Nestor Vazquez as a named plaintiff, so I will grant that aspect of the motion as well. I am denying plaintiffs' motion to "strike" as unnecessary because I would grant plaintiffs' motion for leave to amend their complaint regardless whether I considered defendant's opposition brief.

I am denying plaintiffs' renewed motions for certification. In the July 15 order, I noted two differences among the class members that plaintiffs had failed to address. First, because employees at the plant work on a production line, their starting and stopping times vary, so that some employees may be able to leave early while others are required to stay late, depending on their positions on the line. Second, defendants have an "exceptions" policy, which allows employees who work more than 11 hours on a particular day to receive additional compensation for their extra work. Both of these factual developments suggested that the court will have to consider the individual circumstances of each class member before determining whether that class member is entitled to overtime payments, which means that liability could not be determined on a class wide basis. In addition to these problems, I noted that plaintiffs had failed to make any effort to show that each of the named plaintiffs had claims that were typical of the class.

3

Plaintiffs have made progress in their renewed certification motions by proposing subclasses, citing additional evidence regarding employees' starting and stopping times and naming a new class representative in an attempt address problems regarding typicality. However, plaintiffs have still failed to address a number of problems identified by both the court and defendants.

For example, plaintiffs do not discuss the effect that an employee's position on the production line can have on the length of his break or the implications of the policy that allows employees to obtain additional compensation on days that they work more than 11 hours. In addition, plaintiffs assume that their proposed subclasses can be self-contained in the sense that defendants may be held liable for underpaying plaintiffs on a particular day even if an early starting time or late stopping time is offset by an early stopping time or a late starting time. However, plaintiffs do not develop an argument on this point or even cite any authority in support of it. Finally, plaintiffs fail to address the inconsistencies in the testimony of different employees as well as inconsistencies among various employees' declarations and depositions related to starting and stopping times. Kaitfors Decl., exh. A., dkt. #211-1 (noting various inconsistencies between employees' declarations and their depositions); Dfts.' Br., dkt. #210, at 11 (citing inconsistent deposition testimony). Plaintiffs cannot show that common questions of law or fact predominate over individual questions, as they are required to do under Fed. R. Civ. P. 23(b)(3), by citing one employee's

4

testimony while ignoring contrary testimony of the other potential class members.

Further, even if I concluded that it were possible to craft a class that complied with Rule 23(a) and (b) and 29 U.S.C. § 216(b), plaintiffs' counsel have not shown that they can adequately represent the class, as required by Rule 23(g). In the July 15 order, I noted a number of concerns about counsel's adequacy, including various problems with the quality of the work of plaintiffs' counsel in this case, problems in previous class actions and other cases brought by plaintiffs' counsel, the disciplinary history one of plaintiffs' counsel and the ability of plaintiffs' counsel to devote the resources necessary to prosecute a class action.

Plaintiffs' counsel have attempted to address some of these concerns in their response, but they have ignored many others. Perhaps most noteworthy is that counsel say nothing about any of the problems that have arisen in this case or in the two recent class actions that counsel filed in this court. Further, counsel do not even attempt to explain why they failed to address so many relevant issues in their previous filings regarding class certification. Instead, they have continued the pattern of simply conceding that their submissions were inadequate and then asking for another chance to change the scope of their claims and the class without any showing that the problems will not continue in the future.

As I noted above, plaintiffs' renewed motions for certification are an improvement over their previous submissions, but this is not necessarily an indication of counsel's abilities. Some of the changes, such as the proposal for subclasses, were suggested by the court in the

5

July 15 order. Further, all of the new evidence plaintiffs cite was available when plaintiffs filed their previous motion for certification, raising the question why they did not cite the evidence then.

In the July 15 order, I raised a concern about the accuracy of 26 identical declarations that plaintiffs' counsel filed on behalf of potential class members. Counsel have explained the process they used to obtain the declarations, which is that they drafted a "model" declaration from the deposition testimony of an employee named Abel Castorena and then read it to the other employees before each signed a copy. Although that method of drafting declarations is not necessarily inappropriate, counsel do not explain why they chose to use as a model an employee who is not a named plaintiff. This is further proof that counsel did not appreciate the requirement in Rule 23(a) to show that the named plaintiffs have claims that are typical of the class. More important, counsel do not explain why they filed identical declarations on behalf of employees who had given contradictory testimony in their depositions. In fact, counsel do not say whether they attempted to follow up with those employees before filing the declarations to insure that the declarations were accurate or even whether counsel considered whether they should review the declarations for inconsistencies after defendants deposed the other employees. That issue alone raises a serious question about counsel's judgment and their ability to represent a class adequately.

Plaintiffs' latest submissions do little to instill confidence in counsel's ability to

6

litigate this case as a class action. For example, they failed to include a proposed class notice with their motion even though the court previously criticized them for failing to do this and their proposed third amended complaint includes a class definition that the court has already rejected. Dkt. #86 at 7-8. Although defendants noted these problems in their opposition brief, plaintiffs ignored both issues in their reply brief.

The fact that plaintiffs have now filed four complaints in this case is itself indicative of a problem. Although I am allowing plaintiffs to make their latest round of proposed changes to their complaint, this is only because defendants failed to make any timely objections. Counsel for plaintiffs do not even try to explain why they did not include the missing claims earlier.

One of the primary arguments plaintiffs' counsel make in defense of their adequacy is to point to perceived mistakes defendants' counsel have made. However, it should be obvious that any mistakes by defense counsel are irrelevant. Rule 23(g) requires me to insure that class counsel is adequate. Unnamed class members have no control over the course of litigation yet may be bound by the judgment even if class counsel does not prevail on any of their claims. I have no such duty to defendants, who can protect their own interests.

It is the rare case in which I have concluded that counsel are not adequate to represent a class and it is not a decision I make lightly, as I stated in the July 15 order.

7

However, counsel's repeated failures in this case convince me that there is no other choice. Accordingly, I am denying plaintiffs' renewed motions for certification. The case will be limited to the claims of the named plaintiffs.

ORDER

IT IS ORDERED that

1. The motion filed by plaintiffs Gustavo Utrero Viveros and Christian Kling for leave to file an amended complaint to add a claim regarding work during unpaid breaks and to add Nestor Vazquez as a plaintiff, dkt. #200, is GRANTED. Plaintiffs' proposed third amended complaint, dkt. #202, is ADOPTED as the operative pleading.

2. Plaintiffs' renewed motions for certification, dkt. ##203 and 204, are DENIED.

3. Plaintiffs' motion to strike, dkt. #215, is DENIED as unnecessary.

Entered this 20th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge