DOC NO
REC'D/FILED
2013 OCT -7 AM 10: 56
PETER OPPENEER
CLERK US DIST COURT
WD OF WI

IN THE UNITED STATES COURT
OF APPEALS FOR THE SEVENTH CIRCUIT

GUSTAVO UTRERA VIVEROS
CHRISTIAN KLING and
NESTOR VAZQUEZ,

On Behalf of Themselves and Others Similarly Situated.

Plaintiffs,

vs.   Case No.:

VPP GROUP, LLC (fka VALLEY PRIDE PACK, INC.),
CORPORATE DEVELOPMENT, INC.,
ABC INSURANCE COMPANY, and
DEF INSURANCE COMPANY,

Defendants.

## PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN CASE NO. 12-CV-129 BBC

Now come the plaintiffs, Gustavo Utrera Viveros and Christian Kling, by their attorneys, Victor M. Arellano and Douglas J. Phebus, and move the Court of Appeals pursuant to Rule 23 (f) Fed. R. Civ. P. and Rule 5 Fed. R. A. P. for permission to appeal the Opinion and Order dated September 20, 2013 of the United States District Court for the Western District of Wisconsin, the Honorable Barbara B. Crabb, denying Plaintiffs' Renewed Motions for Certification.

### I.
### FACTS NECESSARY TO UNDERSTAND
### THE QUESTION PRESENTED

Plaintiffs, Gustavo Utrera Viveros, Christian Kling and Nestor Vazquez, filed this lawsuit under the Fair Labor Standards Act and state law to recover overtime pay for

their work at a meat processing plant owned and operated by defendants, VPP Group, LLC and Corporate Development, Inc. Plaintiffs contend that defendants have violated their right under both Federal and State law by paying employees for 11 hours of work each day (6 a.m. to 6 p.m., with two 30-minute unpaid breaks) even though employees actually are working longer hours and are forced to work during their thirty minute break periods.

Plaintiffs are represented by attorneys Victor M. Arellano and Douglas J. Phebus. The attorneys for the plaintiffs, Arellano & Phebus, S.C. have substantial experience in civil trial litigation, as well as class action experience. They have expertise, ability and resources to adequately represent the class. Both Attorneys Phebus and Arellano have extensive experience litigating Wisconsin employment cases and wage cases.

Attorney Victor M. Arellano has been practicing in employment and labor cases for 26 years in administrative forums as well as in State and Federal Court. Attorney Arellano has argued constitutional employment cases before the Federal Court of Appeals 7th Circuit. Attorney Arellano has successfully litigated employment claims in all of these forums. Additionally, he has extensive federal court experience in other matters. He has obtained acquittals for his clients in federal court trials. He has been handling high profile cases for decades. His cases are routinely publicized in the television and print media. In the last few years these included a successful sexual harassment suit against the democratic mayor of Milwaukee, which led his decision not to pursue re-election. In 2011 he obtained a decision against the Governor Doyle administration as a result of their decision to terminate a worker based upon his age. He also represented the family of a young woman who was murdered by a parcel delivery

agent. All of these were highly publicized.

Attorney Arellano has long been a defender of Latinos in the United States. It is common knowledge in the bar that many of his clients are Latinos. Attorney Arellano has provided legal services to many of these minorities who were unable to find representation until he took on their cases. There are few Latino lawyers in Wisconsin and even fewer handling the difficult employment and civil rights cases that Attorney Arellano handles.

Attorney Douglas Phebus has been class counsel in Wisconsin class actions in both state and federal court. See *Lewis v. Straka*, 05-C-1008 (E.D. Wis.), which involved a securities fraud claim against a bank; *Drexler v. Felton Bank*, 98-C-755 (E.D. Wis.), which involved FDCPA and RICO claims against a bank; and *Anzivino v. Greentree Financial*, 96 CV 153 (Waupaca County, Wisconsin), which involved consumer claims against a lender relating to the sale of insurance as part of a lending transaction. Attorney Phebus has been lead counsel in approximately 40 civil jury trials that went to verdict. He is board certified as a Civil Trial Specialist by the National Board of Trial Advocacy. He has held that designation since 2005. Attorney Phebus has handled employment cases in state, local, and federal administrative agencies as well as federal district court and the 7th Circuit Court of Appeals. Attorney Phebus has represented plaintiffs in cases involving wage and hour, employment discrimination, ERISA, federal family medical leave, medical negligence, oral surgery negligence, federal securities law, consumer law, and other personal injury matters.

As recently as August 1, 2013, Arellano & Phebus, S.C. were successful in obtaining the reversal of a Circuit Court decision dismissing a donning and doffing

3

action for workers in the Jefferson, Wisconsin, Tyson plant. In *Weissman, et al. v. Tyson Prepared Foods, Inc.,* Appeal No. 2012AP2196 (August 1, 2013), the employees alleged they are entitled to compensation for time they spend at the plant donning and doffing sanitary and protective equipment and clothing as required by Tyson and also time spent walking to and from work stations after donning and before doffing these items. The Circuit Court granted summary judgment to Tyson on all the employees' claims on the ground that, under the pertinent Department of Workforce Development (DWD) administrative code provisions, donning and doffing this gear is not compensable because it is not "integral" and "indispensable" to principal work activities of the employees. The employees appealed and the Court of Appeals agreed with the employees that, under the plain terms of the DWD code, the donning and doffing here constitute "preparatory and concluding" activities that are "an integral part of a principal activity," see WIS. ADMIN. CODE § DWD 272.12(2)(e) (February 2009), and therefore the donning and doffing time is compensable, putting aside the merits of any potential "de minimis" argument that might be available to Tyson and reversed and remanded the case. This was a case of first impression and a significant victory for Wisconsin workers.

The Court granted Plaintiffs' Motion for Conditional Certification of a Collective Action under 29 U.S.C. § 2169 (b) in an order dated October 5, 2012. In an order dated July 15, 2013, the Court denied Plaintiffs' Motion for Classification with respect to their state claims and granted Defendants' Motion to Decertify the Collective Action with respect to Plaintiffs' State Claims and granted Defendants' Motion to Decertify the Collective Action with respect to Plaintiffs' Federal claims noting the Court had concerns

4

about the ability of Plaintiffs' counsel to represent the class. Defendants had not challenged Plaintiffs' counsels' ability to represent the class.

The Court on its own initiative went to extraordinary lengths to support its alleged concern. It cited certain inadequacies in the handling of the case and failure to address certain issues the Court felt needed to be addressed. The Court went on to cite previous cases filed by counsel that it claimed raised concerns as well and called into question counsels' knowledge of the law and ability to adequately represent the class. The cases were cases in which counsel had been successful and one even involved work done by a different attorney. The Court went so far as to cite a disciplinary matter in which Attorney Arellano was reprimanded by the Office of Lawyer Regulation and a case in the Western District in which a different Judge considered but did not issue sanctions against Attorney Arellano.

## II.
## QUESTION PRESENTED

Did the District Court erroneously exercise its discretion in denying Plaintiffs' Renewed Motions for Certification based in significant part on its conclusion that Plaintiffs' counsel have not shown that they can adequately represent the class, contrary to the great weight of the evidence?

## III.
## RELIEF SOUGHT

Plaintiffs seek a reversal of the District Court's finding that plaintiffs' counsel are not adequate to represent the class and its denial based in significant part upon that erroneous conclusion of Plaintiffs' Renewed Motions for Certification.

5

## IV.
## REASONS WHY THE APPEAL SHOULD BE GRANTED

The Court's conclusion that Plaintiffs' counsel have not shown that they can adequately represent the class is contrary to the great weight of the evidence and is the result of the Court's animus and hostility toward Attorney Arellano personally. This necessitates a reversal of the Court's denial of the Plaintiffs' Renewed Motions for Certification.

Attorney Arellano is a prominent Hispanic attorney in Wisconsin who has achieved considerable success as a lawyer. He was the subject of highly inflammatory complaints to the Office of Lawyer Regulation which were ultimately found to be unsubstantiated. The complaints were given considerable publicity including a nearly full front page story in the Capitol Times, a Madison, Wisconsin newspaper as well as coverage on the local television news. Following the filing of these charges Attorney Arellano appeared personally before Judge Crabb on a number of matters. During these appearances it became clear to Attorney Arellano that Judge Crabb had developed a personal dislike for Attorney Arellano. Attorney Arellano inferred that this change in his relationship with Judge Crabb was the result of the bad publicity that he had been receiving in the media. The situation escalated to the point that midway during an employment trial in front of Judge Crabb, Attorneys Arellano and Phebus decided that Attorney Arellano should no longer question witnesses out of fear that the jury would be tainted by Judge Crabb's obvious disdain for Attorney Arellano. Attorney Phebus questioned most of the remaining of the witnesses. He used Attorney Arellano's outlines for the witnesses that Attorney Arellano had planned on questioning. Things between Judge Crabb and Arellano & Phebus continued to deteriorate from that point. Judge

6

Crabb issued an ERISA decision in which she awarded attorney's fees to the prevailing party and ordered that Arellano & Phebus were jointly liable on the entire award. This was highly unusual in that plaintiffs' counsel could find no prior decision in which any court in the entire country had done the same thing. Judge Crabb has taken every opportunity to criticize Arellano & Phebus even when they win. Each summary judgment that she rules in their favor she inserts an intellectual criticism of their lawyering. It should be noted that the attorneys on the other side of these cases were all from the largest and well regarded litigation firms in the world. Somehow Arellano & Phebus prevail against these top firms again and again yet their lawyering is not up to Judge Crabb's liking. Despite evidence of the high degree of skill and ability of Attorneys Arellano and Phebus, Judge Crabb made a point of accumulating everything available at her disposal to support her alleged concern.

The practical effect of Judge Crabb's decision is that she is essentially closing the courthouse doors to Attorney Arellano and a large segment of the Latino community which denies both Attorney Arellano and that community equal protection under the law. In reviewing Judge Crabb's other class certification decisions involving lawyers who were not Latino, she has never gone into this same kind of independent fact finding mission to attack the lawyers' adequacy. Her criticisms of Arellano & Phebus are the criticisms that could be made of all attorneys who regularly practice in Court. Counsel pointed this out to Judge Crabb in noting that counsel for the defendants in this matter had made errors which were ignored and not criticized by Judge Crabb. In this matter defendants filed a baseless motion to dismiss, following plaintiffs' brief showing no basis in fact and law, defendants' counsel voluntarily withdrew that motion. Defendants failed

to timely respond to Plaintiffs' Motion for Leave to File Third Amended Complaint in this matter. Instead, defendants filed a response one week late without moving for leave from the Court to file after the deadline. Plaintiffs' counsel pointed these errors to the Judge Crabb to demonstrate that if she is going to use those kinds of things to find a lawyer not adequate to represent a class, then no lawyer will ever be found adequate. Attorney Arellano has been treated differently in this regard and denied equal protection for himself and his Latino clients. All of the members of the class in this matter are Latino, except for Christian Kling.

The Court's extraordinary effort to denigrate Plaintiffs' counsel when their ability and skill had not been challenged by Defendants' counsel demonstrates that the Court's decision regarding their competence was an exercise of the Court's will and not its judgment and therefore, is an erroneous exercise of discretion. The Plaintiffs sought to certify a small and manageable class which certainly met the requirements of both the FLSA and FRCP 23 for class treatment.

## V.
## OPINION AND ORDER FOR WHICH
## PERMISSION TO APPEAL IS REQUESTED

A copy of the Court's Order and Opinion entered on September 20, 2013 are attached hereto as Exhibit A.

Wherefore, Plaintiffs' respectfully request that their petition for Permission to Appeal be granted.

8

Dated this 4th day of October, 2013.

                              ARELLANO & PHEBUS, S.C.
                              ATTORNEYS FOR PLAINTIFFS

                              s/Victor M. Arellano
                              Victor M. Arellano #1011684
                              Douglas J. Phebus #1029524
                              1468 North High Point Road, Suite 202
                              Middleton, WI 53562
                              (608) 827-7680
                              varellano@aplawoffice.com
                              dphebus@aplawoffice.com